PRATT v. McGHEE.

1. In the statutory provision, "if any child should die in the lifetime of the father or mother having issue, any legacy given in the last will of such father or mother shall go to such issue" (5 *Stat.* 107, § 9; *Gen. Stat.* ch. lxxxvi, § 13), the word "legacy" is used in its technical sense, and does not include a devise of land, as appears from a comparison of this section with other sections of the same act.
2. A devise of land to a son of testator lapses where the son dies before his father; and if the son leave issue who survive the testator, they do not take under the devise.

Before FRASER, J., Abbeville, November, 1881.

Hon. J. H. Hudson, of the Fourth Circuit, occupied the seat of Mr. Justice McGowan, who had been of counsel in the cause.

Action by Louisa J. Pratt, Margaret Clinkscales, and others against Leonora McGhee, Claudia Ellis, John R. Ellis, and Robert Pratt, executor, for partition, account for advancements, etc. The opinion states the facts of the case.

The circuit decree, omitting its statement of facts, was as follows:

I find that all the portions given off by the testator to his

children were given off anterior to the date of the will. I find it difficult to state accurately the amount and value of these portions, but the testimony shows clearly that the portions or advancements made to John R. Ellis were at least double what was given to either of the other children. The complaint alleges that there is not sufficient personalty to pay "the debts, funeral expenses, and pecuniary legacies." If there is anything in the testimony to show that any part of the pecuniary legacies will be paid out of the estate it has escaped me.

It is not easy to arrive at a satisfactory conclusion as to the proper construction of this Sec. 13, above referred to. If the words "when living" refer to the period after the date of the will, then the parties are all equal, because the evidence shows that during this period the testator gave nothing to any of his children, unless it be held that the use of the plantation and stock by the son as above set forth was a portion to him. If the words refer to a period of time anterior to the date of the will, then John R. Ellis received a much larger portion than the other children. In this view of the facts it is not important to consider the dictum of Chancellor Johnston in *Pegues* v. *Peques*, 11 *Rich. Eq.* 554, suggesting that this expression in the section ought to be construed to apply to portions given after the date of the will.

The most serious difficulty in the way of the claim made by the issue of John Robert Ellis in this case is that the section refers to "legacies," and the gift in this case is a tract of land. A gift of personalty in a will is called a legacy, and a gift of land is called a devise. The primary signification of the word legacy is a gift of personalty, and this word is never construed to include a gift of land in a will unless there is something in the context which shows that the testator did use it in this latter sense. The text writers, Jarman, Roper, and Williams, are very clear that this is the signification of the word "legacy." There is a very wide distinction between a legacy and a devise—a gift of personalty and a gift of land in a will. They are governed by different rules and have different values in the order of distribution and administration.

Some of these distinctions are as follows: 1. When this Section 13 was first introduced into our statutes, personal property acquired after the date of the will would pass under it if covered by its terms—land acquired after the date of the will would not pass under it. It is true that has been changed, but the illustration remains the same.　2. Any legacy in a will, or as I hold the same any gift of personalty, could be adeemed by the testator standing *in loco parentis* by gifts of personalty, after the date of the will, when an intention to adeem appears —but a devise, or gift of land in a will, cannot be so adeemed —*Allen* v. *Allen*, 13 S. C. 512.　3. All pecuniary legacies and specific legacies or gifts of specific property in a will are liable in the course of administration to be subjected to the payment of testator's debts before the real estate can be reached for this purpose.

When such distinctions as these exist between legacies and devises, or personal and real property passing under a will, I cannot hold that the legacy, which in its natural and ordinary sense means a gift of personalty only, when used in an act of the Legislature should be construed to include land unless there is something in the context to control it.　I find nothing in this section which points to a different meaning—and the preceding and following sections show that these distinctions between the different kinds of property were constantly in the mind of the Legislature.

It is therefore ordered and adjudged that a writ of partition do issue, etc.

The defendants, children of John R. Ellis, deceased, appealed, upon four grounds, all of which raised the point that his honor erred in his construction of the 9th section of the act of 1789, or if correct, that he should have decreed to them the personal property given to their father by his father's will.

Messrs. *Noble & Noble*, for appellants.

Messrs. *Parker & McGowon, L. W. Perrin*, contra.

June 3d, 1882.　The opinion of the Court was delivered by

MR. JUSTICE HUDSON.—In 1872 John L. Ellis, late of the County of Abbeville, made and executed his last will and testament, and in 1879 departed this life, leaving the same unrevoked.

He left surviving him five children, who are the first-named plaintiffs, and six grandchildren, three of whom, children of a deceased daughter, Eliza McDaniel, are also plaintiffs, and three others, children of a deceased son, John R. Ellis, are defendants, joined with Robert Pratt, who is the sole executor of the said will. He left no widow. The chief object of the testator's bounty was his son, John Robert Ellis, to whom, in the first clause of his will, he gave his entire real estate, consisting of a tract of six hundred and ninety-three acres of land, and also, with slight exception, all his personal property, consisting of his household and kitchen furniture and live stock of all kinds. To each of his daughters he gave thirty dollars; to the children of Eliza McDaniel, deceased, thirty dollars betwixt them, and to his grandson, Robert N. Pratt, a watch. After the making of this will, but before the death of the testator, his said son, John R. Ellis, to wit, in 1873, departed this life, leaving a widow, Margaret Ellis, and three children, Leonora McGhee, Claudia Ellis, and John R. Ellis, the two last being minors.

In this complaint, which seeks a partition and settlement of the estate of their testator, the plaintiffs claim that the gift of land and personalty to the son, John R. Ellis, lapsed by reason of his having predeceased his father, and because he had been during life more than "equally portioned" with the other children; and hence they pray that the said land and personal property set forth in the devise and bequest to him, may be partitioned among the heirs-at-law of John L. Ellis as intestate property. This claim is resisted by the defendants, children of John R. Ellis, who contend that their father, in his lifetime, was not equally portioned with the other children of John L. Ellis, and that the gift to him under the first clause of the said will is saved from lapsing by sec. 13, chap. lxxxvi, *General Stat.* 444, which is the re-enactment of sec. 9, act of 1789, 5 *Stat.* 107.

The original section reads as follows: "That if any child should die in the lifetime of the father or mother, leaving issue, any legacy given in the last will of such father or mother shall go to such issue, unless such deceased child was equally portioned with the other children, by the father or mother when living." In the re-enactment in the Revised Statutes this language is not changed.

The circuit judge found as a matter of fact, that John R. Ellis had been, while living, greatly more than equally portioned with the other children of the testator, John L. Ellis. He further held that the term "legacy" in the 13th sec. aforesaid cannot be construed to include a devise of realty, but must be construed to apply only to a gift of personalty, according to its legal technical meaning. Under this construction of the statute, and in view of the fact that John Robert Ellis had already been equally portioned with the other children, he held that the entire devise and bequest to him in the first clause of the will lapsed upon his predeceasing his father, and became after the death of the testator distributable among his heirs-at-law as intestate property. Accordingly he decreed partition to be made as craved by the plaintiffs. This judgment is appealed from by the children of John R. Ellis, who seek in this court a reversal of the construction by the circuit judge of the statute aforesaid, under and by virtue of which they claim that the gift to their father is saved from lapse and goes to them.

After a careful examination of the entire act of 1789, which contains many sections, and a like careful examination and comparison of chap. lxxxvi, *Gen. Stat.* 444, with its many clauses and sections, we are constrained to conclude that the Legislature used the word "legacy" in its technical legal sense, and no other. In the sections which precede and follow this clause, both in the old and new act, the terms "devise," "bequest" and "legacy" are used invariably in this strictly technical sense, the word devise being in each section made to refer to a gift of realty, and the words legacy and bequest to gifts of personalty. It thus appears that these words are nowhere in these acts used as synonymous terms, but always with an appropriate distinction and legal significance.

The terms were well understood by the legislatures which, at the two periods séparated by nearly a century, used them throughout with the closest regard to their respective differences and technical meaning.   In no section of either act would the sense be retained by substituting one of these words for the other or by enlarging one so as to embrace the others. Why then should we conclude that in this single section the legislature inadvertently used the word, " legacy" in an untechnical sense, and intended to imply thereby a gift of realty (a devise) as well as of personalty, when in all other sections the true distinction is carefully preserved ?

We know of no canon of construction which, when brought to bear upon this entire act, will conduct us to such a conclusion.   We are told that there is no reason why the legislature should intend to save a legacy from lapsing, which would not more strongly induce that body to likewise preserve a devise of real estate to the issue of a pre-deceased child ; and that therefore we must conclude that by the term *legacy* in this clause a *devise* is likewise meant.   But as the question is, not what the legislature ought to have intended, but what they *did* intend, we must examine the whole context of the act to ascertain that intention.   Such examination demonstrates the fact that in every other clause of the act a gift of real estate is styled a *devise*, a gift of personal estate is called a *legacy* or *bequest*, and a gift of both real and personal property is entitled a devise and bequest.   Had a joint gift of real and personal property been contemplated in the 13th section, it would have been likewise designated a devise and bequest, and not untechnically a *legacy*.

In the statute of Victoria upon this subject, and in the acts of the legislatures of all those States of the Union which have made similar provision against the lapsing of gifts to pre-deceased children, the terms " devise and bequest," or others equally unequivocal and comprehensive, are employed.  The fact that our legislature for nearly a century has adhered to the simple word " legacy," with a full knowledge of its appropriate and limited signification, is evidence of an intention to save only a gift of personalty from lapsing.   To cover realty

as well as personalty, in its terms, will require further legislation. The courts cannot supply the place of legislation by enlarging the meaning of a word of limited purport, which the legislature has used knowingly and advisedly.

If this clause of the act stood alone as a separate enactment the argument that, in the reason and nature of things, the legislature could not have intended to save from lapse perishable personal property, and to suffer the more valuable real property to pass from the issue of a pre-deceased child might have been urged with special force, and would probably induce the Court to widen the meaning of the term "legacy" so as to embrace all gifts, whether of land or goods. But controlled in the context of this Act, as it must be, by the language that precedes and follows it, the term must be restricted to its legal sense.

Numerous cases have been cited by counsel from the law books both of England and America, where in last wills and testaments, the use of the term legacy by the testator, the Courts have held to be synonymous with, or as comprehensive as, the terms "devise and bequest." But an examination of these cases will discover the fact that the testator in each instance, used the word in a popular sense, and clearly intended thereby to embrace both real and personal estate. Without thus enlarging the meaning, the will was either unintelligible, or the clear intent of the testator would be defeated. Hence, in order to carry into effect the interest of the testator apparent from the context, the courts have very properly construed the word legacy to include land as well as personal property in many cases. As authority for this construction, see 1 *Jarm. Wills*, note, 145 1; 1 *Redf. Wills*, (3rd ed.),* 617; *Ladd* v. *Harvey*, 21 *N. H.* 528; *Brady* v. *Cubitt*, 1 *Doug.* 31–39. Decisions to the like effect in construing wills are numerous, the controlling guide in each case being the manifest intention of the testator. But just as in these numerous instances it was manifest that the testator intended by the word "legacy" to embrace land as well as goods and chattels in his gift, so in the case now before the Court, resting upon the statute in question, it is equally clear that the legislature used the term in its technical sense.

Wherefore, we concur with the Circuit Judge in his construction of the statute, and nothing in the brief submitted,. appears as evidence to show that the son, John Robert Ellis,. was not equally portioned with the other children. The Circuit Judge found that he was greatly more than apportioned,. and in this we see no error. He concludes that under the statute and the evidence, the whole gift, both of land and personal property, lapsed, and in this view we concur. We deem it unnecessary to notice other minor points not urged in argument, and not affecting the case.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed, that the cause be remanded to the Circuit Court to have the decree below carried into effect, and that the appeal be dismissed.